

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00011-CR

DAVID STUART SEELYE                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1298254R

----------

## MEMORANDUM OPINION[1]

----------

On November 12, 2012, Appellant David Stuart Seelye pled guilty, pursuant to a plea bargain, to the offense of bodily injury to a child.  *See* Tex. Penal Code Ann. § 22.04(a)(3) (West Supp. 2015).  The trial court placed him on five years' deferred-adjudication community supervision and assessed a $500 fine.  The State subsequently filed a motion to adjudicate guilt.  On December 11,

---

[1]*See* Tex. R. App. P. 47.4.

2015, Appellant pled true to the allegations in the State's motion, and the trial court sentenced him to four years' imprisonment. That same day, Appellant signed written plea admonishments that included a waiver of his right to appeal.

Appellant filed a pro se notice of appeal. The trial court's certification of defendant's right to appeal states that "defendant has waived the right to appeal." *See* Tex. R. App. P. 25.2(a)(2). On January 11, 2016, we notified Appellant and his appointed counsel by letter about the statement in the trial court's certification and informed them that unless Appellant or any party desiring to continue the appeal filed with the court, on or before January 21, 2016, a response showing grounds for continuing the appeal, the appeal could be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3.

Appellant filed a response, but it does not show grounds for continuing the appeal. Appellant argues that he believes his guilty plea was involuntary due to ineffective assistance of counsel. In addition to his response, Appellant filed a request to withdraw his notice of appeal from the judgment adjudicating him guilty and a corrected notice of appeal stating that he wishes to appeal from "the judgment and sentence" entered on November 12, 2012, placing him on deferred-adjudication community supervision. *See* Tex. R. App. P. 25.2(f).

Dismissal would be required regardless of whether Appellant is attempting to appeal the November 12, 2012 deferred-adjudication order or the December 11, 2015 judgment adjudicating his guilt. The deadline for filing a notice of appeal from the November 12, 2012 order expired approximately three years

2

ago.  *See* Tex. R. App. P. 26.2(a) (stating that in a criminal case, the notice of appeal must be filed within thirty days after the trial court enters an appealable order or, if a timely motion for new trial is filed, within ninety days after the trial court enters an appealable order).  Our appellate jurisdiction is triggered through a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If a notice of appeal is not timely filed under rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action— including granting an out-of-time appeal—other than dismissal.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Because the corrected notice of appeal from the November 12, 2012 order is untimely, we do not have jurisdiction to address the merits of an appeal from that order.  *See id.*

We deny appellant's request to withdraw his notice of appeal from the December 11, 2015 judgment adjudicating guilt.  But because Appellant has not shown grounds for continuing his appeal from this judgment, we dismiss the appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 25, 2016

3